## VON SCHRODER v. BRITTAN.

(Circuit Court, N. D. California. November 20, 1899.)

EQUITY PLEADING—ANSWER—INCONSISTENCY OF ALLEGATIONS.

A defendant in a suit in equity may plead as a defense all facts which he has a right to prove, and which, if proved, can have any effect on the judgment of the court; and it is no valid objection to an answer that it contains allegations setting up the defense in different aspects, as that one paragraph contains a denial which is qualified in another, or that different provisions of a statute of limitations are set up as defenses in different paragraphs.

In Equity. To abate a nuisance, and to recover damages for injury occasioned by unlawful acts of respondent. Exceptions to answer. Answer not under oath.

A. H. Ricketts, for complainant.

William Leviston and Heller & Powers (L. S. B. Sawyer, of counsel), for respondent.

MORROW, Circuit Judge. This is an action to abate a nuisance, and to recover damages for the injury sustained by complainant by and through the unlawful acts of respondent. The nuisance charged is that a certain brick wall of respondent's building, upon premises adjoining those of the complainant, in the city and county of San Francisco, leans over and encroaches upon complainant's land in a wrongful and improper manner, and so as to cause the wall of a brick building owned by the complainant, and standing upon his land, to be out of plumb, dangerous, and out of repair. The bill of complaint prays that respondent may be compelled, by the decree of the court, to remove the encroaching wall from the property of the complainant; to put the property of complainant in good and sufficient repair; and to make satisfaction to complainant for all damages done to his property by reason of the nuisance charged in the complaint; and that respondent may be restrained by an injunction from maintaining the encroaching wall. The respondent has filed her answer to the bill of complaint; the complainant has filed his objections to the answer; and these objections are now before the court for consideration. The answer is not under oath, an answer under oath having been expressly waived by the complainant.

The objections are eight in number. The first is that in subdivision 4 of the answer respondent denies that she has ever been the owner or in possession of the brick building described in the bill, while in subdivision 11 of the same answer respondent alleges that on or about July 9, 1896, she acquired the title to said brick building and the lot upon which it is erected. The second is that in the fourth subdivision of the answer respondent denies that the east brick wall upon her lot leans to the east of a perpendicular line, or slopes or encroaches upon complainant's lot, or makes complainant's brick building dangerous and out of plumb; while in subdivision 11 of the answer respondent alleges and shows that the building erected upon her lot has settled, and did create the nuisance

complained of. The third is that in the sixth subdivision of the answer respondent denies that the nuisance complained of was created by any former owner of the lot or building contiguous on the west to complainant's property, while in subdivision 11 respondent alleges and shows that the brick building upon the lot was erected on or before the 15th of June, 1898, and that the nuisance complained of occurred before the 1st of January, 1891; and yet in subdivision 6 of her answer respondent denies that there was any plain, palpable, or notorious nuisance at the time of the purchase by her mentioned in the bill of complaint, or that any nuisance was known to her at the time she acquired title by purchase, and in subdivision 6 of said answer respondent denies that she wrongfully maintains the nuisance complained of, while in subdivision 11 she alleges that the east wall of her building leans to the east, and creates the nuisance complained of in the bill, and that said nuisance has existed for more than six years last past. Complainant's exceptions 4, 5, and 6 allege that the answer is "argumentative and uncertain" in respect to those sections in which respondent sets out that the cause is barred by the certain provisions of the Code of Civil Procedure set up in respondent's answer, in that the material facts, or any facts or circumstances, are not given to support the allegations. Complainant's exception 7 alleges that the answer is "inconsistent and self-contradictory," because respondent in the twelfth subdivision of the answer alleges that complainant's cause of action is barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure of California, while in subdivision 13 of the said answer respondent alleges that complainant's cause of action is barred by subdivision 2 of section 338 of the said Code, and in the fourteenth subdivision of said answer that complainant's cause of action is barred under the provisions of section 343 of said Code. Complainant's exception 8 alleges that there is an attempt by respondent in the answer to set up matter as ground for the affirmative relief of respondent, and an attempt to set up a defense in favor of the respondent, inconsistent with the defense contained in the answer elsewhere. Complainant prays that respondent may be compelled to put in a full and sufficient answer to the bill of complaint.

Complainant's exceptions to the answer may be thus classified: Exceptions 1, 2, 3, and 7 charge that the answer is "inconsistent and self-contradictory"; exceptions 4, 5, and 6 charge that the answer is "argumentative and uncertain"; exception 8 is based upon the ground that the respondent attempts to set up matter for affirmative relief in her own favor, and that the defense attempted to be set up is inconsistent with the defense contained in the answer elsewhere.

The denials and allegations in the answer, which these exceptions point out as inconsistent and contradictory, do not appear to be of that character. A careful reading of the answer shows that it fully responds to the allegations of the bill, and sets up in answer the facts upon which the respondent relies for a defense. An objection cannot be considered as real or substantial, but, rather, technical and overcritical, that finds an inconsistency in a denial of the re-

spondent that she is the owner or in the possession of a certain building, and an allegation qualifying that denial by setting forth the facts showing a reversionary interest in the lot and building thereon, such reversion being expectant upon the termination of a lease for a term of years. Nor can exceptions to an answer be considered substantial based upon the complaint that the answer is argumentative and uncertain in this: that the respondent has set up the several provisions of the statute of limitations which she deems applicable to her defense. These and the other allegations excepted to are but allegations setting forth the different aspects of her defense,—a method of pleading allowable in bills, and certainly permissible in an answer.

In Leslie v. Leslie, 50 N. J. Eq. 155, 24 Atl. 1029, a rule was declared respecting the allegations of an answer which appears to be applicable to this case. The rule is this:

"That all substantial doubts, whether the matters objected to are pertinent or not, are to be resolved in favor of their pertinency, and that nothing should be expunged from the answer which the defendant has a right to prove, and which, if proved, can have any influence on the judgment of the court, either in deciding whether or not the complainant is entitled to any relief whatever, or the nature, character, or extent of the relief to which he may be entitled, even down to the question whether he shall have relief with or without costs."

Under this rule, there is no question but that the answer in the present case should be allowed to stand. The exceptions will therefore be overruled.